IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON

| | |
|---|---|
| CHRISTIAN MATTA,<br>            PLAINTIFF,<br><br>    vs.<br><br>AMSHER COLLECTION SERVICES, INC.,<br>            DEFENDANT. | Case No.:<br><br><br><br>COMPLAINT<br><br><br>JURY TRIAL DEMAND |

NOW COMES THE PLAINTIFF, CHRISTIAN MATTA, BY AND THROUGH COUNSEL, KEN OKORIE, and for his Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Humble, Harris County, Texas.

3. Venue is proper in the Southern District of Texas, Houston Division.

1

## PARTIES

4. Plaintiff is a natural person residing in City of Humble, Harris County, Texas.

5. The Defendant to this lawsuit is Amsher Collection Services, Inc. which is a foreign corporation that conducts business in the State of Texas, and may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt with account number 210381XX allegedly owed by Plaintiff to T-Mobile in the amount of $83.00 ("the Alleged Debt").

7. On March 21, 2018, Plaintiff obtained his Trans Union credit disclosure and noticed Defendant reporting the Alleged Debt.

8. On or about April 13, 2018, Plaintiff submitted a letter to Defendant disputing the Alleged Debt.

9. On May 10, 2018, PayPal, a prospective lender, obtained Plaintiff's Equifax credit disclosure.

10. On May 17, 2018, Entrata, Inc., a prospective lender, obtained Plaintiff's Experian credit disclosure.

11. On May 27, 2108, Synchrony Bank, another prospective lender, obtained Plaintiff's Experian credit disclosure.

12. On May 30, 2018, Comenity/Zales, another prospective lender, obtained Plaintiff's Experian credit disclosure.

13. On June 21, 2018, Plaintiff obtained his Equifax and Trans Union credit disclosures and noticed Defendant failed or refused to flag its trade line as disputed, in violation of the FDCPA.

14. On June 22, 2018, Plaintiff obtained his Experian credit disclosure and noticed Defendant failed or refused to flag its trade line as disputed, in violation of the FDCPA.

15. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

16. Defendant had more than ample time to instruct Experian, Equifax and Trans Union to flag its trade line as Disputed.

17. Defendant's inaction to have its trade line on Plaintiff's credit reports flagged as disputed was either negligent or willful.

18. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. His credit report continues to be damaged due to the Defendant's failure to properly report the associated trade line.

## VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates the preceding allegations by reference.

20. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

22. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e by using false representations or misrepresenting the Alleged Debt by reporting credit information which is known to be false including failing to report a disputed debt as disputed.

24. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report. Defendant has willfully continued to report false information on the Plaintiff's credit report.

25. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Statutory costs and attorneys' fees; and

d. Exemplary and Punitive Damages for Defendant's willful violation of the Fair Debt Collection Practices Act.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 7, 2018

| | |
|---|---|
| 1 | |
| 2 | By: */s/ Ken Okorie* |
| | Ken Okorie |
| 3 | Ken Kemnagum Okorie |
| 4 | (TBN: 15241730) |
| | Okorie & Associates |
| 5 | 12003 Merewood Ln |
| | Houston, TX 77071-2413 |
| 6 | Email: mellanby@me.com |
| 7 | Telephone: (713) 778-0000 |
| | Fax: (713) 778-0000 |
| 8 | Attorneys for Plaintiff, |
| 9 | Christian Matta |

Case 4:18-cv-02719   Document 1   Filed on 08/09/18 in TXSD   Page 7 of 7